UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

Brantley Capital Corporation,

              Plaintiff,

-against-

Edward F. Siegal., et al.,

              Defendants.
------------------------------------------------------X

08 Civ. 3711 (PAC)
**TRANSFER ORDER**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 24 2008

HONORABLE PAUL A. CROTTY, United States District Judge:

The claims in the above-captioned case[1] arose in Purchase, New York in Westchester County, where plaintiff resides. Accordingly, the Clerk of Court is directed to transfer and reassign the above-captioned case to the United States District Court in White Plains, New York, pursuant to Rule 21(a) (i)[2] of the Rules for the Division of Business Among District Judges in the Southern District of New York.

Dated: New York, New York
         April 24, 2008

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies E-mailed By Chambers To:

Edward F. Siegal
efsiegel@efs-law.com

Richard W. Cohen
rcohen@lowey.com

---

[1] This case was filed as a Notice of Removal by the defendants in the United States District Court, Southern District of New York (Foley Square – Manhattan) on April 18, 2008. The original Verified Complaint was filed in the Supreme Court of New York, Westchester County on March 14, 2008.

[2] A copy of Rule 21(a) (i) of the Rules for the Division of Business Among District Judges in the Southern District of New York is attached to this Transfer Order. Visit: http://www1.nysd.uscourts.gov/courtrules.php

1

**Rule 21. Designation of White Plains Cases**

(a) Civil.

At the time of filing, the plaintiffs attorney shall designate on the civil cover sheet whether the case should be assigned to White Plains or Foley Square.

A civil case shall be designated for assignment to White Plains if:

(i) The claim arose in whole or in major part in the Counties of Dutchess, Orange, Putnam, Rockland, Sullivan and Westchester (the "Northern Counties") and at least one of the parties resides in the Northern Counties; or

(ii) The claim arose in whole or in major part in the Northern Counties and none of the parties resides in this District.

A civil case may also be designated for assignment to White Plains if:

(iii) The claim arose outside this district and at least some of the parties reside in the Northern Counties; or

(iv) At least half of the parties reside in the Northern Counties.

All civil cases other than those specified in the foregoing paragraphs (i), (ii), (iii), and (iv) shall be designated for assignment to Foley Square.

(b) Criminal.

The U.S. attorney designates on the criminal cover sheet that the case is to be assigned to White Plains if the crime was allegedly committed in whole or predominant part in the Northern counties.

Defendants in any [criminal] case designated for White Plains may be arraigned at the White Plains Courthouse before a district judge if one is present and available, at any hour on any business

- 110 -

day by prior arrangement with the United States attorney or the Court. If no district judge is available in the White Plains Courthouse, such arraignment may be conducted before a magistrate judge at White Plains. If neither a judge nor a magistrate judge [at White Plains] and likely to remain unavailable until the next date of arraignment in Foley Square, such defendants shall be arraigned in Part I.

Bail applications in any case designated for White Plains may be heard before the magistrate judge at White Plains, or, if he/she is unavailable, before a judge in White Plains, or in Part I if no magistrate judge or judge is available.

**Rule 22. Reassignment of Cases**

The attorney for any other party may move for the reassignment of the case to the other place of holding court (within seven days for criminal cases), or the judge to whom the case is assigned may reassign it *sua sponte,* in the interest of justice or sound judicial administration. If the judge to whom the case is assigned rules that it should be reassigned, it is sent to the clerk for reassignment. If upon reassignment there is a dispute as to the proper place of holding court, it will be referred to the Assignment Committee for final determination. If the case is reassigned, it will be reassigned as if it were a new filing, but will retain its original case number.

**Rule 23. Removed Actions and Bankruptcy Matters**

Actions removed from a state court in New York County or Bronx County will be assigned to Foley Square. Actions removed from a state court in any of the other counties within the district will be assigned to White Plains. In either case, the attorney for the defendant may move for reassignment as provided in the section entitled Reassignment of Cases.