

White Plains Plaza
One North Broadway
White Plains, NY 10601-2310

914-997-0500 Telephone
914-997-0035 Fax

www.lowey.com

Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428-2977

610-941-2760 Telephone
610-862-9777 Fax

June 26, 2008

**By Hand**

**MEMO ENDORSED**

The Honorable Kenneth M. Karas
United States District Court
   for the Southern District of New York
United States Courthouse
300 Quarropas Street, Room 533
White Plains, New York 10601

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

> Re:  ***Brantley Capital Corporation v. Edward F. Siegel, L.P.A.,***
> ***Edward F. Siegel, & Edward Cochran***, No. 08 Civ. 3711 (KMK)

Dear Judge Karas:

Pursuant to your Honor's Individual Rules of Practice requiring a pre-motion conference, we inform the Court that Plaintiff wishes to file, together with its opposition to Defendants' Motion to Transfer Venue (served June 24, 2008), a cross-motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

This action concerns whether or not plaintiff Brantley Capital Corporation owes contingency legal fees to the Defendants, lawyers who represented Plaintiff in a lawsuit that they commenced in February 2007, and dismissed with prejudice in October 2007. Defendants prepared, and Plaintiff signed, a one-page retainer agreement governing the payment of fees (the "Fee Agreement") (Exhibit A to the Complaint). Plaintiff believes the Court can adjudicate this action as a matter of law on the basis of the unambiguous terms of the Fee Agreement. For the Court's convenience, the Fee Agreement is attached to this letter.

The Fee Agreement is unambiguous. It provides for (1) a non-refundable retainer in the amount of fifty-thousand dollars ($50,000) and (2) a contingency fee of 35% of "[a]ny amounts that we recover as a result of the litigation whether through a negotiated settlement or court decision."

It is undisputed that Plaintiff paid the $50,000 retainer. It is also undisputed that on or about February 7, 2007, Defendants commenced the litigation contemplated by the Fee Agreement on behalf of Plaintiff, that such action was dismissed with prejudice in October 2007, and Plaintiff received no monetary recovery from the lawsuit. Defendants aver in their Answer



and Counterclaim that the dismissal with prejudice was equivalent to a "cashless" recovery for Plaintiff, ask that the Court assess an implied value to the "cashless" recovery, and, pursuant to the Fee Agreement, enter a cash judgment equal to 35% of the "implied value" of the "cashless recovery." As a matter of law, this argument is untenable, requiring the Court to adopt an interpretation outside the four corners of the Fee Agreement. However, the Fee Agreement is unambiguous, making that exercise impermissible.

As this Court has noted previously:

> "'Where the language of a contract is unambiguous, the question of interpretation is one of law, and summary judgment may be granted.' *Indep. Energy Corp. v. Trigen Energy Corp.*, 944 F. Supp. 1184, 1191 (S.D.N.Y. 1996). 'In such cases, the intent of the parties must be determined from their final writing and no parol evidence or extrinsic evidence is admissible.' *Id.* (internal quotations omitted)." *Century Pacific Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 234 (S.D.N.Y. 2007)

Even if the Court were not constrained by the unambiguous terms of the Fee Agreement, Defendants, the drafters of the Fee Agreement, are no better off, because ambiguous retainer agreements are interpreted in favor of the client. *See Fredericks v. Chemipal, Ltd.,* W.L. 1975441 (S.D.N.Y. 2007). In *Shaw v. Manufacturers Hanover Trust Co.*, 68 N.Y.2d 172 (1986), the New York Court of Appeals held that it is the responsibility of the attorney-draftsman to ensure that essential terms of retainer agreements are drafted clearly. The rationale is two-fold; not only should ambiguity in retainers be construed in favor of the clients because the attorney has an obvious negotiating advantage, but in accordance with basic contract law, "ambiguities in a contractual instrument will be resolved *contra proferentem*, against the party who prepared or presented it." *Id.* at 1 (quoting *151 West Associates v. Printsiples Fabric Corp.*, 61 N.Y.2d 732, 734 (1984)).

The Fee Agreement's terms do not obligate Brantley to pay contingent legal fees to Defendants, except in the event of a "recovery." The term "recovery," as used in the Fee Agreement, without further definition, must be interpreted consistently with its customary usage, *i.e.*, a cash recovery. Plaintiff received no cash recovery (nor does Plaintiff acknowledge any "cashless recovery"), hence no contingency fee is owed. Defendants' plea for a tortured interpretation of "recovery" to mean the implied value of a "cashless recovery" is forbidden by the law governing legal fee agreements and the general contract law principles of *contra proferentem*.



In addition, Plaintiff is entitled to restitution of the $50,000.00 retainer. Non-refundable retainers contravene public policy and are void. *Matter of Cooperman*, 187 A.D. 2d 56 at 57 (2d Dep't 1993).

The foregoing constitutes a preview of our summary judgment argument. Our motion would, of course, be supported by a Rule 56.1 statement and properly authenticated evidence, consisting principally of the Fee Agreement and an affidavit confirming that Plaintiff received no recovery from the litigation which Defendants commenced and dismissed on Plaintiff's behalf. The motion will not be voluminous.

The pendency of the venue transfer motion should not stand in the way of this motion. If the Court were to transfer the action, the motion would simply travel with it.

Accordingly, Plaintiff believes that this action is ripe for disposition at this time by motion for summary judgment. In accordance with your Honor's rules, we will await word from the Court before filing such a motion.

Respectfully submitted,

Richard W. Cohen  (RC-5220)

cc:    Edward F. Siegel, Esq. (via fax and email)
       Edward Cochran, Esq. (via fax and email)

*The Court will hold a pre-motion conference on July 30, 2008, at 2:00. Defendants are to respond to this letter by July 11, 2008*

SO ORDERED

KENNETH M. KARAS U.S.D.J.

7/7/08

July 31, 2006

VIA E-MAIL
Brantley Capital Corporation
C/o Phillip Goldstein
60 Heritage Drive
Pleasantville N.Y. 10570

    RE: Legal Services

    Dear Phil:

    This letter will serve to confirm our recent conversations and to formalize our relationship regarding the action that you want Edward Cochran and I to bring against Bob Pinkus and others persons and entities for the damages that they have caused to Brantley Capital Corporation (the "Company"). We will focus our efforts on the loan guarantees that were provided by the Company without the Board's knowledge and/or consent.

    Ed and I have agreed that we will represent the Company on a contingency basis. We will be entitled to receive thirty-five (35%) percent of any amounts that we recover as a result of the litigation whether through a negotiated settlement or a court decision. The Company is responsible for out of pocket expenses, but we will advance these sums out of our pockets, and will be reimbursed out of any recovery. As we discussed, I would appreciate it if you would send us a non-refundable retainer in the amount of Fifty Thousand Dollars ($50,000). That way, you know that you have lawyers who will work for you, and we know that we have a client who is serious about this matter.

    Again, thank you for selecting us as your counsel. If the foregoing conforms to your understanding of our agreement, please so indicate by signing both copies of this letter agreement and return one to me. I have attached wire-transfer instructions for your convenience so that you can send us the retainer.

                      Very truly yours,
                      EDWARD F. SIEGEL CO., L.P.A.

                      /s/ Edward F. Siegel
                      Edward F. Siegel

AGREED TO & ACCEPTED BY:
BRANTLEY CAPITAL CORPORATION

BY: _____
    Phillip Goldstein